491 So.2d 146 (1986)
June LABAUVE, Plaintiff-Appellee,
v.
CENTRAL MUTUAL INS. CO., et al., Defendants-Appellants.
No. 85-808.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
Rehearing Denied July 25, 1986.
*147 Hurlburt and Privat, Blake Monrose, Lafayette, for defendants-appellants.
James Miller, Jr., of Cline, Miller and Richard, Rayne, for plaintiff-appellee.
Before GUIDRY, DOUCET and MANSOUR,[*] JJ.
GUIDRY, Judge.
This is a suspensive appeal by defendants from a jury verdict and a judgment notwithstanding the verdict, granted by the trial judge, on motion of the plaintiff.
On January 28, 1982, suit was filed by plaintiff, June W. Labauve (hereafter Labauve), against the defendants, Julia Henry, a/k/a Julia Rossignor (hereafter Henry) and Central Mutual Insurance Company, alleging that on or about March 4, 1981, Labauve and Henry were involved in a car collision. Labauve claimed to have suffered numerous injuries.
A jury trial was held on October 22, 1984. Defendants stipulated to liability, therefore, the only issues litigated were whether plaintiff suffered personal injuries, and if injuries were suffered, the amount of damages to be awarded plaintiff. Plaintiff's attorney presented three witnesses, the plaintiff and two treating physicians. Defendants did not present any witnesses.
At the trial's conclusion the judge submitted one interrogatory to the jury with four subparts which was answered as follows:

"1. Fix the full amount of damages
you have found, if any:
a. Physical injury suffered and
permanent disability $ 0
b. Pain and suffering, both physical
and mental and past and future $ 0
c. Medical expenses $1300.00
d. Loss of income, both past and
future $ 0"

The six jurors were polled and responded that the above was his or her verdict.
Plaintiff then filed a motion for a judgment notwithstanding the verdict, which was taken under advisement by the court. On May 15, 1985, the trial court granted a judgment notwithstanding the verdict, pursuant to La.C.C.P. art. 1811, in favor of plaintiff, assessing total damages in the amount of $5,000, i.e., $1,300 for medical expenses, and $3,700 for general damages.
Defendants appeal. Plaintiff has not appealed nor did she answer the defendants' appeal.

ISSUES
The issues for review on appeal are as follows:
1. Was the lower court's granting of a judgment notwithstanding the verdict proper?
2. If the granting of the judgment notwithstanding the verdict was proper, were the amount of damages granted excessive?

ISSUE NO. 1
Defendants contend that the trial court improperly granted the judgment notwithstanding *148 the verdict in favor of Labauve.
In Cupit v. Grant, 425 So.2d 847 (La. App. 3rd Cir.1982), we discussed the proper standard to be applied in deciding a motion for judgment notwithstanding the verdict and quoted approvingly from Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir. 1979), appeal after remand, 412 So.2d 191, writ denied, 415 So.2d 954 (La.1982), as follows:
"On Motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidencenot just that evidence which supports the non-mover's case but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury."
In the instant case, the jury awarded $1,300 for medical expenses but did not award any general damages. Our courts have recognized that a jury cannot award special damages for personal injuries incurred in an accident and refuse to award any amount in general damages for injuries that present objective symptoms. See Evans v. Newton, 459 So.2d 586 (La.App. 5th Cir.1984); Curry On Behalf of Curry v. Allstate Ins. Co., 435 So.2d 1030 (La. App. 4th Cir.1983); Odendahl v. Wild, 418 So.2d 36 (La.App. 4th Cir.1982); Griffin v. Bethard, 398 So.2d 639 (La.App. 3rd Cir. 1981); Brown v. Grigsby, 394 So.2d 847 (La.App. 3rd Cir.1981); Moss v. Security National Insurance Co., 350 So.2d 247 (La.App. 3rd Cir.1977), writ denied, 352 So.2d 239 (La.1977); Robinson v. General Motors Corporation, 328 So.2d 751 (La. App. 4th Cir.1976).
Defendants argue that plaintiff did not present any objective evidence of physical injury so the rule above should not apply. Defendants further argue that since there was no objective evidence of physical injury, the medical expenses granted by the jury should be reversed. We disagree that plaintiff did not present any objective evidence of physical injury.
Plaintiff presented the deposition testimony of her two treating physicians. Both of the physicians agreed that a majority of the evidence they had uncovered consisted of subjective findings. They also agreed that most of the objective tests they used on the plaintiff to search for possible physical injuries produced negative results. However, one of the physicians, Dr. LaFleur, an orthopedic surgeon, concluded that plaintiff had most likely suffered a mild to moderate ligament strain after administering an achilles reflex test. Dr. LaFleur described the results of this test as an objective finding, and, on cross-examination, indicated that his first impression of her injuries was based upon the relative absence of this reflex in her right leg as compared to her left leg, and not upon the subjective evidence she presented. This evidence supported plaintiff's contention that her right leg was injured in the accident.
Since the jury was presented with objective evidence of physical injury, it was an error of law for them to award special damages and then refuse to award any amount for general damages.
Additionally, we believe that reasonable men could not have arrived at a verdict disallowing an award for general damages after being presented with the objective evidence of physical injury by Dr. LaFleur, therefore it was proper for the trial court to grant the plaintiff a judgment notwithstanding the verdict on the issue of damages. Cupit, supra; Campbell, supra; La.C.C.P. art. 1811.

*149 ISSUE NO. 2
Defendants argue that the $5,000 total damage award rendered by the trial court in the judgment notwithstanding the verdict was excessive.
The $5,000 award is broken down into $1,300 for medical expenses and $3,700 for general damages. Plaintiff argues that this award for general damages was not excessive since she was under medical treatment for approximately five and one-half months after the accident.
The standard of review for determining whether a general damage award is excessive was set down in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and later re-emphasized in Reck v. Stevens, 373 So.2d 498 (La.1979). That standard dictates that before a court of appeal can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion in making its award.
A review of the facts of this case shows the plaintiff had complaints of pain in her arms, chest, back and legs after the accident. Her pains prompted her to seek treatment from two different physicians. Her treatment lasted for five and one-half months, and at the time of the trial, she still complained of pain in the same areas. Although most objective tests produced negative findings, both doctors agreed that you don't have to always have objective findings to in fact have something wrong. Additionally, Dr. LaFleur did find objective evidence of injury to plaintiff's right leg. He opined that she had at least strained her right leg ligaments. Dr. LaFleur also thought her condition warranted going to a physical therapist for treatment, which she did for a period of time.
Plaintiff testified that she had problems standing after the accident. She further stated that her right leg felt somewhat numb, that the injury made it hard to drive a car, that she is no longer able to play tennis, and, that she has difficulty performing house chores due to the pain. Under these conditions, we do not believe that the trial court clearly abused its discretion in awarding $3,700 in general damages.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
NOTES
[*] Judge Alfred A. Mansour of the 9th Judicial District Court participated in this decision as Judge Pro Tempore of the Third Circuit Court of Appeal.