507 So.2d 1250 (1987)
Dodiyi William WEST
v.
Ronald P. MELANCON, et al.
No. CA 6041.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1987.
As Amended on Denial of Rehearing June 17, 1987.
Rehearing Denied June 22, 1987.
Dodiyi William West, New Orleans, in Pro. Per.
Robert W. Drouant, Heisler & Wysocki, New Orleans, for intervenors-appellees.
Richard E. Britson, Jr., New Orleans, for defendants-appellees.
Before GARRISON, BARRY and CIACCIO, JJ.
CIACCIO, Judge.
This is a suit for property damage and personal injuries arising out of an automobile accident that occurred on June 25, 1983 *1251 in the City of New Orleans. During the course of a jury trial the trial judge granted a directed verdict on the issue of liability. On the issue of quantum only, the jury returned a verdict of $9,000.00 to compensate plaintiff for his personal injuries and special damages. Plaintiff timely filed a rule for additur or in the alternative for a new trial. La.C.C.P. Art. 1814. Defendants opposed an additur.
After taking the matter under advisement the trial judge rendered judgment against defendants over their opposition for a total of $19,000.00, more than double the jury verdict. Although the judgment indicates that it responds to the rule for additur or in the alternative for a new trial, the judge's Reasons for Judgment indicate his intent to issue a judgment notwithstanding the verdict. The Reasons also state, "the Court considers $10,000.00 to be the highest award the Jury could have awarded under the evidence. The Court would have reduced any higher amount that the Jury would have returned."
Part of the $19,000.00 judgment included $7,600.00 awarded to intervenors, plaintiff's former attorneys. The jury found that plaintiff fired his attorneys without cause. On the basis of that finding the court awarded intervenors their fee due under their contract with plaintiff.
Plaintiff appealed, La.C.C.P. Art. 2083, arguing the inadequacy of quantum. Defendants answered the appeal, La.C.C.P. Art. 2133, urging among other issues the illegality of the judgment. Defendants pray for either a reinstatement of the jury verdict (a judgment in conformity with the jury verdict), or a remand for a new trial as the only permissible result when a defendant opposes a plaintiff's motion for additur.
Intervenors urged the affirmation of the judgment.
Although a court's reasons for judgment do not form part of the judgment and a party may appeal a judgment only, not the reasons, we address the actions of the district court in both his reasons and his judgment.
In his reasons the judge indicates his intention to grant a judgment notwithstanding the verdict. La.C.C.P. Art. 1811. Neither party moved for a judgment notwithstanding the verdict. If such a motion had been made, the criteria for ruling on that motion was stated by this court in Blum v. New Orleans Public Service, Inc., 469 So.2d 1117 (La.App. 4th Cir.1985), writ denied, 472 So.2d 921 (La.1985):
In ruling on a motion for a judgment notwithstanding the verdict, pursuant to LSA-C.C.P. Art. 1810.1 (now substantially reenacted in LSA-C.C.P. Art. 1811), the trial judge considers all of the evidence and reasonable inferences in a light most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary verdict, the motion should be granted and the trial judge should render a judgment notwithstanding the jury's findings. On the other hand, if there is substantial evidence of such quality and weight that reasonable and fair minded persons in the exercise of impartial judgment might reach different conclusions, the motion for judgment N.O.V. should be denied. In applying this standard, the court does not weigh the evidence, pass on the credibility of the witnesses, or substitute its factual judgment for the jury's. Rougeau v. Commercial Union Ins. Co., 432 So.2d 1162 (La.App. 3rd Cir.1983), writ denied 437 So.2d 1149 (La.1983); Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir. 1979), appeal after remand, 412 So.2d 191 (La.App. 3rd Cir.1982), writ denied 415 So.2d 954 (La.1982).
The trial judge did not apply these criteria. The court found "$10,000.00 to be the highest award the Jury could have awarded under the evidence." (We conclude that he must have meant that an additional $10,000.00 represented the highest reasonable award, because his judgment was for $19,000.00.) In any case such as this the courts recognize a reasonable range of quantum within which, by *1252 definition, reasonable minds can differ as to the proper award. The jury verdict should not be increased absent a finding that its award is lower than the lowest reasonable amount. And if the court makes such a finding, the award should be raised only to the lowest reasonable amount. Raising the award to the highest reasonable amount is an abuse of discretion. Also, in Cooley v. Allstate Insurance Co., 443 So.2d 739 (La.App. 4th Cir. 1983), writ denied, 446 So.2d 1229 (La. 1984), this court held that judgment notwithstanding the verdict is an improper procedural device by which to raise the amount of damages; the proper procedure is additur. But see comment on the amendment of La.C.C.P. Art. 1811 by La. Acts 1984, No. 40, § 1.
If the judgment is considered a judgment notwithstanding the verdict, we would find the trial court in error and reverse.
The judgment reads, we think with proper consistency, that it is a judgment on plaintiff's rule for additur and in the alternative for a new trial. The judgment grants an additur, but makes no mention of a new trial. Additur is an alternative to a new trial and may be entered only with the consent of the non-moving party. La.C.C.P. Art. 1814; Cooley v. Allstate Insurance Co., supra. Defendants did not consent. If the trial judge found the jury verdict on quantum so inadequate so as to require a new trial, under La.C.C.P. Art. 1814 he has only two permissible rulings: (1) with defendants' consent he could enter an additur, or (2) lacking defendants' consent, he should order a new trial. He may not enter an additur over defendants' opposition. Accordingly, we find the judgment illegal, reverse and remand for a new trial.
REVERSED AND REMANDED; NEW TRIAL ORDERED.

ON APPLICATIONS FOR REHEARING
PER CURIAM.
Applying for a rehearing, intervenors seek a clarification of this court's opinion concerning that portion of the district court judgment which awarded to intervenors their fee as due under their contract with plaintiff. Although our opinion mentions that portion of the judgment, we omitted our resolution of that issue. The jury found that plaintiff was not damaged by intervenors and that plaintiff discharged intervenors without good cause. These findings are not clearly wrong and will not be disturbed. Our original opinion is amended, therefore, to hold that intervenors are entitled to recover from plaintiff their fee due under the contract; this issue need not be retried. Because intervenors' fee is based upon a percentage of plaintiff's recovery, however, final resolution of this issue must await further proceedings.
With the foregoing amendment to our original opinion, intervenors' application for rehearing is denied. Plaintiff also has filed an application for rehearing which prays for the relief granted in our original opinion, i.e., a new trial. Plaintiff's application for rehearing is denied.