527 So.2d 555 (1988)
Nathaniel BARFIELD, Plaintiff-Appellant,
v.
Leslie A. JACOBS, All Area Sweepers, United States Fidelity & Guaranty Insurance Company and Allstate Insurance Company, Defendants-Appellees.
No. W87-557.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
*556 Miguez & Leckband, James Miguez, Lake Charles, for plaintiff-appellant.
Raggio, Cappel, Chozen & Berniard, Frederick Cappel, and Maurice Tynes, Lake Charles, for defendants-appellees.
Before DOMENGEAUX, STOKER and KING, JJ.
*557 STOKER, Judge.
This is a personal injury case resulting from an automobile accident. Plaintiff was stopped and waiting for a traffic light in Lake Charles on March 4, 1985. Plaintiff was struck from the rear by defendant, an employee of All Area Sweepers, who was driving a one-ton street vacuum truck. Plaintiff's car was pushed into the car in front of him, causing damage to that car's rear bumper. Plaintiff sustained minor automobile damage and personal injury.
Plaintiff filed suit against defendant for his personal injuries. Defendant's fault was stipulated to at trial as 100%. A jury verdict awarded plaintiff $3,000 for past and future medical expenses. Plaintiff subsequently filed a motion for a judgment notwithstanding the verdict, which was granted as to damages, and a motion for new trial which was denied. The trial court awarded $12,000 for pain and suffering, increasing plaintiff's award to a total of $15,000. Plaintiff appeals the denial of a new trial and the J.N.O.V. with respect to the amount of damages awarded to plaintiff.

ASSIGNMENTS OF ERROR
Plaintiff-appellant assigns as errors the following:
1. The trial court failed to grant plaintiff's motion for new trial.
2. The trial court failed to award plaintiff an adequate sum to compensate him for his injuries.

MOTION FOR NEW TRIAL
In his post-verdict motions, plaintiff prayed for a J.N.O.V. or, in the alternative, a new trial. The trial judge granted the J.N.O.V. and denied the new trial, giving the following written reasons for judgment:
"This matter is before the court on a Motion for New Trial and a Motion for Judgment Notwithstanding the Verdict.
"After presentation of the arguments in chamber, this court shall deny the Motion for a New Trial but grant a Judgment Notwithstanding the Verdict on the issue of damages.
"Concerning the request for a Judgment Notwithstanding the Verdict, the only issue presented to the jury was the question of damages. After hearing the evidence presented by all parties, the jury awarded only $3,000 in past and future medical expenses and no damages for pain and suffering, diminution of earning capacity or permanent disability.
"Since the addition of Paragraph F to Louisiana Code of Civil Procedure article 1811, a trial court may grant a judgment notwithstanding the verdict on the issue of damages only. The standard applicable in this situation is there being no genuine issue of fact or in other words, under the evidence, reasonable minds could not differ as to the amount of damages.
"Based upon the evidence presented at trial, this court is of the opinion that the verdict of the jury refusing to award any damages for pain and suffering was incorrect. Reasonable minds could not differ on the plaintiff being entitled to an award for his pain and suffering resulting from his injuries in the amount of $12,000. Therefore, a judgment notwithstanding the verdict shall be granted awarding the plaintiff $12,000 for pain and suffering and the $3,000 for medical expenses already awarded by the jury."
Plaintiff now asks that he be granted a new trial because he is unhappy with his J.N.O.V. A new trial was not in order. Having requested a new trial as an alternative to a J.N.O.V., plaintiff can hardly complain now that the trial court should have granted him a new trial instead of the J.N.O.V.
Moreover, plaintiff has not presented anymore compelling argument for a new trial than that the jury apparently disregarded the evidence presented by plaintiff when awarding damages. A jury award of damages which is below the lowest amount which could reasonably have been awarded under the evidence is an error specifically remedied by LSA-C.C.P. art. 1811 through judgments N.O.V. Therefore, we hold the trial court did not *558 err in failing to grant plaintiff's motion for a new trial.

QUANTUM
Plaintiff contends the damages awarded in the J.N.O.V. were insufficient to compensate him for his injuries.
The standard for increasing a jury's award of damages in a J.N.O.V. is set forth in Scott v. Hospital Service District No. 1, 496 So.2d 270 (La.1986):
"When there is a jury, the jury is the trier of fact. LSA-C.C.P. art. 1736.
"The rules governing a motion for judgment notwithstanding the verdict are found in LSA-C.C.P. art. 1811. The article does not specify the grounds on which the trial judge may set aside a jury verdict. The Official Revision Comments state that `... a judgment N.O.V. is based on a different standard [from additur and remittitur]namely, that based on the evidence there is no genuine issue of fact. Thus where the trial court is convinced that, under the evidence, reasonable minds could not differ as to the amount of damages [or as to liability], it should have the authority to grant the appropriate judgment notwithstanding the verdict.'" and in West v. Melancon, 507 So.2d 1250 (La.App. 4th Cir.), writ denied, 514 So.2d 128 (La.1987):
"In any case such as this the courts recognize a reasonable range of quantum within which, by definition, reasonable minds can differ as to the proper award. The jury verdict should not be increased absent a finding that its award is lower than the lowest reasonable amount. And if the court makes such a finding, the award should be raised only to the lowest reasonable amount. Raising the award to the highest reasonable amount is an abuse of discretion."
In LaBauve v. Central Mutual Insurance Co., 491 So.2d 146 (La.App. 3d Cir.1986), we stated: "Our courts have recognized that a jury cannot award special damages for personal injuries incurred in an accident and refuse to award any amount in general damages for injuries that present objective symptoms." The plaintiff presented the testimony of five medical expert witnesses who agreed that the objective findings from x-rays and various reflex tests showed that the accident caused an aggravation of plaintiff's preexisting degenerative arthritis in his neck and back. Therefore, the refusal of the jury to award any compensation for the pain and suffering which accompanied plaintiff's injuries was an error of law. In the J.N.O.V. granted in this case the trial judge correctly awarded plaintiff damages for pain and suffering, in addition to the award for medical expenses. We must now turn to the facts of the case to determine whether the award of $12,000 for general damages was an abuse of the trial court's discretion.
Five medical experts testified as to the extent of plaintiff's injuries. While all agreed that plaintiff's pre-existing degenerative arthritis in his neck and back was aggravated by the accident, they disagreed as to the possibility of a herniated disc. The jury, in refusing to award to plaintiff the cost of future surgery to correct a herniated disc, apparently disbelieved the testimony as to the possible presence of a herniated disc. In granting a J.N.O.V. the trial court may not weigh the evidence, pass on the credibility of witnesses, or substitute its reasonable inferences of the facts for those of the jury. Webb v. Goodley, 512 So.2d 527 (La.App. 3d Cir.1987). In view of the fact that the jury found that plaintiff was entitled to medical expenses, it evidently found that plaintiff was at least suffering from an aggravation of degenerative arthritis in his back. We have considered this evident finding together with plaintiff's testimony that he has suffered constant pain which conservative treatment has not alleviated. We have also considered plaintiff's testimony that he used to run, jog, lift weights and play a little basketball and football with his grandchildren, but has not been able to do so since the accident. The medical experts agreed that plaintiff's range of movement is good for a man of his age (59 years) with his arthritic condition. Under the circumstances we find the trial court did not clearly abuse its *559 discretion in awarding $12,000 for pain and suffering.
Furthermore, since the jury, as finder of fact, apparently did not find that plaintiff was suffering from a herniated disc which would require future surgery, the trial court did not err in not awarding compensation for future surgery expenses in the J.N.O.V. The necessity for future surgery is not an issue on which reasonable minds could not differ.
Finally, plaintiff contends the trial court erred in failing to award lost past and future wages. The only evidence of plaintiff's earnings was plaintiff's own self-serving testimony. He admitted he did not file income tax returns in 1983, 1984 and 1985. Plaintiff testified that he probably earned about $14,000, paid in cash, in 1984 from security work and burglar bar installations with his son. He also testified that some of the security work was done for the sheriff's department, from which he earned $44 in 1982, $176 in 1983, $660 in 1984, $363 in 1985 and $990 in 1986, after the accident. He also worked a two-week security job immediately after the accident. We do not find the trier of fact was clearly wrong in finding plaintiff did not lose any wages.

DECREE
Accordingly, for the reasons assigned, the judgment of the trial court is affirmed. Costs of appeal are assessed to plaintiff-appellant.
AFFIRMED.