625 So.2d 355 (1993)
Louise BOWERS, etc., Plaintiffs-Appellees,
v.
Catherine R. VIATOR (Opiela), et al., Defendants-Appellants.
No. 92-1393.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1993.
Rehearing Denied November 12, 1993.
*356 Joseph A. Koury, Lafayette, for Louise Bowers etc.
John William Penny Jr., Lafayette, for Catherin R. Viator (Opiela) et al.
Michael J. Breaux, Lafayette, for State Farm.
Before GUIDRY, THIBODEAUX and COOKS, JJ.
THIBODEAUX, Judge.
This is a suspensive appeal filed by the defendant, State Farm Mutual Automobile Insurance Company, from a judgment notwithstanding the verdict, granted by the trial judge, on the motion of the plaintiffs, Louise and William Bowers.
On February 10, 1989, suit was filed by Mr. and Mrs. Bowers, against the defendants, Catherine R. Viator, a/k/a Catherine R. Opiela (Ms. Viator), her liability insurer, Allstate Insurance Company, and State Farm, as the underinsured motorist carrier for Mrs. Bowers. The suit alleged that Mrs. Bowers suffered numerous injuries as a result of an auto collision with Ms. Viator on April 26, 1988. The Bowers settled their claim against Ms. Viator and Allstate and proceeded to trial against State Farm.
*357 At the trial's conclusion, the judge submitted a special verdict form to the jury. As to liability, the jury concluded that Mrs. Bowers was 5% at fault for causing the accident and that Ms. Viator was 95% at fault in causing the accident. The fourth interrogatory with its four subparts pertaining to the jury's award of damages was as follows:

 "4. What is the total amount of damages in each
 category that will fairly compensate Louise Bowers
 for her injuries?
 A. Lost earningspast $ 0
 _________
 B. Lost earnings or earning capacity
 future $ 0
 _________
 C. Medical expensespast $ 16,000
 _________
 D. Medical expensesfuture $ 9,000
 _________
 E. Physical pain and suffering
 past, present and future $ 0
 _________
 F. Mental anguish and distress
 past, present and future $ 0 "
 _________

Mrs. Bowers then filed a motion for a judgment notwithstanding the verdict. State Farm filed a motion for a partial new trial on the issue of court costs. On June 22, 1990, the trial judge granted a judgment notwithstanding the verdict, pursuant to LSA-C.C.P. art. 1811(F) in favor of Mrs. Bowers on the issue of damages only. The final judgment signed on July 9, 1990 affirmed the jury's award of past and future medical expenses in the total sum of $25,000.00 and affirmed the jury's denial of damages for lost wages, loss of earning capacity, and Mr. Bowers's consortium claim. However, the trial judge awarded Mrs. Bowers general damages of $65,000.00, which would be reduced by Mrs. Bowers's 5% negligence. Further, the trial court denied State Farm's motion for new trial on the issue of court costs, finding the issue moot since State Farm was now cast in judgment. State Farm's suspensive appeal was dismissed as premature because of pending motions for new trial. On remand, the motions for a new trial filed by Mr. and Mrs. Bowers and State Farm were denied. A supplemental and amended judgment was filed.
From the foregoing judgment, State Farm appealed. Mrs. Bowers answered State Farm's appeal on the jury's failure to award damages for loss of earning capacity.

ISSUES
The issues on appeal are as follows:
1. Did the trial judge err in granting the judgment notwithstanding the verdict?
2. If the granting of the judgment notwithstanding the verdict was not in error, did the trial judge abuse his discretion in his determination of the amount of damages?
3. Did the trial judge err in affirming the jury's determination as to the amount of future medical expenses Mrs. Bowers would incur?
4. Did the trial judge err in failing to award Mrs. Bowers damages for loss of earning capacity?

Issues No. 1 and No. 2
State Farm contends that the trial judge improperly granted the judgment notwithstanding the verdict in favor of Mrs. Bowers. LSA-C.C.P. art. 1811(F) provides: "The motion for a judgment notwithstanding the verdict may be granted on the issue of liability or on the issue of damages or on both issues." In reviewing the trial judge's decision to grant Mrs. Bowers's motion for JNOV on the issue of damages, we conclude that the motion was properly granted.
In Labauve v. Central Mutual Insurance Co., 491 So.2d 146, 148 (La.App. 3d Cir.1986), we discussed the standard to be applied in deciding a motion for judgment notwithstanding the verdict as follows:
"In Cupit v. Grant, 425 So.2d 847 (La.App. 3rd Cir.1982), we discussed the proper standard to be applied in deciding a motion for judgment notwithstanding the verdict and quoted approvingly from Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir. 1979), appeal after remand, 412 So.2d 191 [(La.App. 3rd Cir.1982) ] writ denied, 415 So.2d 954 (La.1982), as follows:
'On Motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence not just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly *358 and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.'"
In the case sub judice, the jury awarded $25,000.00 for medical expenses but did not award any general damages. The jury cannot award special damages for personal injuries incurred in accident and refuse to award any amount in general damages for injuries that present objective symptoms. Labauve, supra, 491 So.2d at 148.
State Farm argues that Mrs. Bowers did not present any objective evidence of physical injury so the rule above should not apply. We disagree that Mrs. Bowers did not present any objective evidence of physical injury. Mrs. Bowers presented the testimony of her two treating physicians who were in agreement that the majority of the evidence that Mrs. Bowers suffered physical injuries consisted of subjective findings. They also agreed that most of the tests used on Mrs. Bowers to search for possible physical injuries produced negative or normal results. Nevertheless, Dr. Robert Rivet who specializes in neurological surgery; Dr. Stephen Staires, a doctor of anesthesiology and a fellow in pain management; and, Dr. Robert Martinez, a neurologist, concluded that Mrs. Bowers suffered from myofascial pain syndrome, a soft tissue injury involving the muscles and ligaments. Dr. Staires specifically noted, by objective measures, increased muscle tone or tightness in the large back muscles on either side of Mrs. Bowers's spine overlaying the shoulder blades. Further, Dr. Rivet noted in April of 1989, a "pulling in the right trapezius" that he testified was indicative of muscle spasm. Moreover, Dr. Martinez noted a disc protrusion at C-4, 5 when he performed an MRI test of Mrs. Bowers's cervical and thoracic area. He testified that Mrs. Bowers had developed a schwanoma, which is a tumor that develops on the nerve that can be caused by trauma. This evidence supported Mrs. Bowers's contention that her back and neck were injured in the accident. Also, Dr. Lyle LeCorgne, Mrs. Bowers's treating clinical psychologist, testified that his evaluation indicated a significant muscular activity with a range of 4.2 to 9.2 volts. He further testified that anything over a level of 2.0 to 2.1 microvolts is considered clinically significant.
Since the jury was clearly presented with objective evidence of physical injury, it was an error of law for them to award special damages and then refuse to award any amount for general damages. Labauve, supra, 491 So.2d at 148.
Reasonable men could not have arrived at a verdict which disallowed an award for general damages after being presented with the objective evidence of physical injury by Drs. Martinez, Rivet, Staires, and LeCorgne. Hence, it was proper for the trial judge to grant Mrs. Bowers a judgment notwithstanding the verdict on the issue of damages. Cupit, supra; Campbell, supra; LSA-C.C.P. art. 1811.
State Farm argues that the $65,000.00 general damage award rendered by the trial judge in the judgment notwithstanding the verdict, subject to a 5% reduction due to Mrs. Bowers's comparative negligence, was in excess of the lowest reasonable amount within his discretion.
In Anderson v. New Orleans Public Service, 583 So.2d 829, 833 (La.1991), the Supreme Court definitively answered the question as to the constraints placed upon a trial judge who grants a JNOV on the issue of damages. It clearly rejects State Farm's argument as follows:
"Once a trial court has concluded that a JNOV is warranted because reasonable men could not differ on the fact that the award was either abusively high or abusively low, it must then determine what is the proper amount of damages to be awarded. In making this determination, the judge is not constrained as the courts of appeal are to raising (or lowering) the award to the lowest (or highest) point which is reasonably within the discretion *359 afforded that court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). We are aware of some decisions which indicate that the trial judge should be limited by that constraint. See West v. Melancon, 507 So.2d 1250 (La.App. 4th Cir. 1987), Barfield v. Jacobs, 527 So.2d 555 (La.App. 3d Cir.1988), Zeagler v. Dillard Department Stores, Inc., 521 So.2d 766 (La.App. 2d Cir.1988). However, we conclude that the better view is that expressed in Rickerson v. Fireman's Fund Insurance Company, 543 So.2d 519, 523 (La.App. 1st Cir.1989), where the court stated:
`The Coco standard of review does not apply to a trial court's review of a jury's award. Therefore, after rendering the JNOV, the trial court should have rendered a de novo award based on his independent assessment of injuries and damages.'
The trial judge is in a better position to make a damage assessment than is an appellate court. The trial judge hears the testimony, views the evidence, and is able to evaluate the credibility of the witnesses. Once the jury verdict is set aside under the strict JNOV standards, the trial court is then the trier of fact. It should not be limited by the same constraints placed upon an appellate court reviewing a damage award. The trial judge should make an independent assessment of the damages and award a proper amount of compensation under the facts of the particular case."
Having determined that the trial judge properly granted the JNOV as to damages in this case, we now turn to a review of damages awarded in the JNOV by the trial judge. The judge set the general damage award at $65,000.00. On appeal, the standard of review for determining whether a general damage award is excessive was set out in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) and was later reemphasized and clarified in Reck v. Stevens, 373 So.2d 498 (La.1979). That standard dictates that before this court can disturb an award made by a trial court, the record must clearly reveal that it abused its wide discretion in making its award.
A review of the entire record supports our conclusion that the trial court did not abuse its discretion in awarding $65,000.00. We, therefore, affirm the trial court's judgment on this issue.

Issue No. 3
In granting the JNOV in favor of Mrs. Bowers, the trial judge upheld the jury's award of damages for future medical expenses. There is no contest about the past medical expenses and the trial judge correctly upheld the jury's award of $16,000.00 in granting the JNOV. Future medical expenses, like all other damages, must be established with some degree of certainty. Mrs. Bowers must show that, more probably than not, these expenses will be incurred. Awards will not be made in the absence of medical testimony that they are indicated and setting out their probable cost. Veazey v. State Farm Mutual Auto Ins., 587 So.2d 5 (La.App. 3d Cir.1991).
Both Drs. Rivet and Martinez, Mrs. Bowers's treating physicians, testified that she suffered from myofascial pain syndrome which causes chronic pain, as opposed to acute short-term pain. They further testified that Mrs. Bowers should be treated with medication, physical therapy, as well as pain management therapy. Dr. Cole, a clinical psychologist, stated that Mrs. Bowers is enrolled in his program that teaches persons with pain how to cope with that pain. Dr. Cole further testified that the program involves sixteen (16) sessions and that Mrs. Bowers only completed three (3) sessions as of the date of trial. Dr. LeCorgne, also a clinical psychologist, testified that he treated Mrs. Bowers for pain management in conjunction with a physical therapist and a medical doctor. He further testified that Mrs. Bowers stopped treating with him because she could no longer afford the treatment due to insurance problems. Although the possible result of any future psychological treatment and physical therapy is unknown and cannot be fixed with precision, future medical expenses are a legitimate item of damages. Guillory v. Avondale Shipyards, Inc., 448 So.2d 1281 (La.1984).
*360 In the absence of any firm monetary estimates by expert witnesses and in view of the amount of past medical expenses as well as the facts of this case, the trial judge did not err nor abuse his discretion in upholding the jury's $9,000.00 award for future medical expenses.

Issue No. 4
Mrs. Bowers answered State Farm's appeal, assigning as error the trial judge's refusal to disturb the jury's failure to award any amount for her loss of earning capacity. State Farm contends that the jury's refusal to award any compensation for Mrs. Bowers's loss of earning capacity was fully supported by the evidence at trial.
In order to obtain an award for impaired earning capacity, a claimant must present medical evidence which at least indicates there could be a residual disability causally related to the accident. Aisole v. Dean, 574 So.2d 1248 (La.1991); Bize v. Boyer, 408 So.2d 1309 (La.1982). In the present case, no doctor opined that Mrs. Bowers's condition was disabling. Mrs. Bowers presented the testimony of Mr. Donald Cornwell, an economist. Mr. Cornwell testified as to the average amount of income Mrs. Bowers is capable of earning. Looking at her average income, along with the estimated number of years Mrs. Bowers would be able to work if she were healthy at her age, Mr. Cornwell calculated that she would have an income loss of $404,917.60. However, Mr. Cornwell's calculations are flawed because his testimony does not consider that Mrs. Bowers failed to present medical evidence that she was disabled from the accident of April 26, 1988. See Johnson v. Masur, 493 So.2d 881 (La. App. 3d Cir.1986).
In the absence of evidence that Mrs. Bowers's symptoms were disabling or that there was a dim prospect for her future employment, the trial judge was neither manifestly erroneous or clearly wrong in failing to grant Mrs. Bowers an award for loss of earning capacity. See Abshire v. Dubois, 422 So.2d 611 (La.App. 3d Cir.1982), writ denied, 427 So.2d 868 (La.1983).
Because we agree with the actions of the trial judge, State Farm's last assignment of error as to the trial judge's imposition of court costs, is moot.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendants-appellants.
AFFIRMED.