643 So.2d 424 (1994)
Roy N. JAMES, et al., Plaintiffs-Appellants,
v.
Donald W. WEBB, et al., Defendants-Appellees.
No. 94-162.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*426 Robert G. Nida, Alexandria, for Roy N. James et al.
William H. deLaunay Jr., Kenneth Mascagni, Shreveport, for Donald W. Webb et al.
Ethel June Wells, Baton Rouge, for United Services Auto Asso.
Before DOUCET, SAUNDERS and WOODARD, JJ.
WOODARD, Judge.
This lawsuit arises out of an automobile accident which occurred on November 27, 1990, in Shreveport, Louisiana. Plaintiffs, Roy James, individually and on behalf of his children Jason and Joshua James, and Vera James, are appealing the trial court's damages awards.

FACTS
Defendant, Donald Webb, who was driving an eighteen wheeler, rear-ended the plaintiffs' mini van at an intersection in Shreveport. Mrs. James was driving the mini van at the time of the accident. Her five year old son, Jason, was seated in the front passenger seat, and Mr. James was in the back seat with their nine month old son, Joshua, who was in a car seat.
The eighteen wheeler was travelling an estimated speed of 5-10 miles per hour when it neared the intersection and ran into the rear of the mini van. The rear window of the van shattered, spraying glass fragments into the van. The plaintiffs sustained injuries in the accident and subsequently filed this lawsuit against defendants, Donald W. Webb, his employer, Miller Transporters, Inc., its insurer, National Continental Insurance Company, and plaintiffs' uninsured motorist carrier, USAA Insurance Company. Defendants admitted liability for the accident, so the sole issue at trial was the extent of plaintiffs' damages.
A jury trial was held July 13-16, 1993 and the jury returned a verdict awarding damages *427 totalling $87,000 for Mrs. James, $34,600 for Mr. James, $1,240 for Jason James, and $730 for Joshua James. The jury also awarded $600 for rental car expense and $570 for baby sitting expense. Judgment in accordance with the jury's verdict was rendered August 25, 1993.
It is from this judgment that plaintiffs appeal, asserting the following assignments of error: (1) the trial court erred in allowing defendants to introduce evidence which indirectly informed the jury that Mrs. James was receiving workers' compensation disability payments for a prior lower back injury; (2) the trial court erred in allowing into evidence testimony concerning examinations by physicians who had conducted independent medical examinations of Mrs. James for a prior workers' compensation proceeding; (3) the jury abused its discretion in failing to make any award for certain elements of damage, and in making abusively low awards for other elements of damage; and (4) the trial court erred in denying plaintiffs' motion for judgment notwithstanding the verdict on the issue of quantum. Defendants answered the appeal, assigning as error the trial court's decision to allow Dr. Richard Galloway to testify as an expert witness in the field of vocational rehabilitation.

EVIDENCE OF WORKERS' COMPENSATION BENEFITS
In the first assignment of error, plaintiffs claim the trial court erred in allowing defendants to introduce evidence which indirectly informed the jury that Mrs. James was receiving workers' compensation benefits for a prior unrelated back injury.
Before the trial, plaintiffs filed a motion in limine to exclude "any testimony or other evidence of the nature and extent of a workers' compensation claim or a payment of past or future workers' compensation benefits for Vera E. James." At the hearing on the motion, the court ruled that evidence of Mrs. James' preexisting disability was relevant to the jury's determination of disability caused by the accident; however, the court prohibited any reference to the fact of a continuing workers' compensation claim or any amounts actually being received.
At the trial, Dr. Richard Levy and Dr. Daniel Sinclair were questioned by counsel for defendants about Mrs. James' prior back injury. Plaintiffs argue this line of questioning constituted an indirect reference to the fact that Mrs. James received workers' compensation benefits. We disagree. First, we question the relevancy to this issue of La.Code Evid. art. 414, which plaintiffs cite in support of their argument. This article prohibits evidence of a workers' compensation claim in a civil proceeding where there is a claim for damages relative to the same injury for which compensation benefits were claimed or paid. Mrs. James' compensation claim concerned an injury to her lower back, which is not an injury she claims damages for in the case sub judice. Furthermore, we have reviewed the testimony and find no reference, direct or otherwise, to a claim for, or the receipt of, workers' compensation benefits. This assignment of error has no merit.

TESTIMONY OF DR. DANIEL SINCLAIR
In the second assignment of error, plaintiffs claim the trial court erred in allowing Dr. Sinclair's video deposition into evidence. Dr. Sinclair performed an independent medical examination of Mrs. James over three and one-half years prior to this automobile accident and his testimony concerned her complaints of lower back and right leg pain at that time. Plaintiffs objected to the admission of the deposition into evidence by way of a pretrial motion in limine, arguing Dr. Sinclair's testimony was not relevant to the present proceedings. At the hearing on the motion, defendants argued the testimony was relevant to establish the extent of Mrs. James' preexisting disability.
The video deposition was admitted into evidence and shown to the jury. We find no error in the trial court's denial of plaintiffs' motion to exclude the deposition testimony as irrelevant. The information regarding Mrs. James' back and leg complaints was relevant to establish her pre-accident level of disability.
*428 Plaintiffs, however, now argue for the first time that Dr. Sinclair's testimony was used as an improper attack on Mrs. James' credibility. Dr. Sinclair made certain statements indicating Mrs. James may have been exaggerating her complaints, and plaintiffs claim these statements were prejudicial. The proper time to object to these statements, however, was at the trial. The parties' counsel stipulated prior to taking Dr. Sinclair's deposition that objections would be reserved until the deposition was offered into evidence at trial. Plaintiffs claim the motion in limine was sufficient to preserve the issue for appeal; however, the motion in limine concerned only the general relevancy of Dr. Sinclair's testimony, and was not sufficient to alert the trial court to unrelated complaints regarding specific statements made by Dr. Sinclair. See LaHaye v. Allstate Ins. Co., 570 So.2d 460 (La.App. 3 Cir.1990), writ denied, 575 So.2d 391 (La.1991).
Because plaintiffs' counsel failed to make a contemporaneous objection to the allegedly prejudicial testimony when this evidence was introduced, this issue was not properly preserved for appellate review. See LaHaye, supra. This assignment of error has no merit.

DAMAGES
The jury awarded the following damages:

I. VERA JAMES:
 A. Any fear, fright or mental
 anguish experienced during
 the course of the accident
 itself; $ 15,000
 --------
 B. Physical pain and suffering,
 past and future; $ 25,000
 --------
 C. Mental pain and suffering,
 past and future; $ 10,000
 --------
 D. Loss of services and society
 of her husband; $ -0-
 --------
 E. Past medical expenses; $ 32,000
 --------
 F. Future medical expenses; $ -0-
 --------
 G. Scarring and disfigurement; $ 2,500
 --------
 H. Disability and loss of enjoyment
 of life; $ 2,500
 --------
II. ROY N. JAMES:
 A. Fear, fright or mental anguish
 experienced during
 the course of the accident
 itself; $ 2,500
 --------
 B. Physical pain and suffering,
 past and future; $ 15,000
 --------
 C. Mental pain and suffering,
 past and future; $ 5,000
 --------
 D. Loss of services and society
 of his wife; $ 4,500
 --------
 E. Past medical expenses; $ 6,600
 --------
 F. Future medical expenses; $ -0-
 --------
 G. Loss of earnings and earning
 capacity, past and future; $ -0-
 --------
 H. Disability and loss of enjoyment
 of life; $ 1,000
 --------
III. JASON ROBERT JAMES:
 A. Fear, fright or mental anguish
 experienced during
 the course of the accident
 itself; $ 500
 --------
 B. Physical pain and suffering; $ -0-
 --------
 C. Mental pain and suffering; $ 500
 --------
 D. Loss of service and society
 of his parents; $ 200
 --------
 E. Past medical expense; $ 40
 --------
IV. JOSHUA CRIMM JAMES:
 -------------------
 A. Fear, fright or mental anguish
 experienced during
 the course of the accident
 itself; $ 500
 --------
 B. Physical pain and suffering; $ -0-
 --------
 C. Loss of services and society
 of his parents; $ 200
 --------
 D. Past medical expense; $ 30
 --------
V. OTHER:
 ------
 A. Rental car expense; $ 600
 --------
 B. Baby sitting expense. $ 570
 --------

Plaintiffs assign as error the jury's determinations regarding fourteen of the above elements of damages. Their arguments are discussed below as they pertain to each plaintiff.
When reviewing damages, the initial inquiry is whether the award for the particular injuries and their effects under the circumstances on the particular injured person is a clear abuse of the trier of fact's much discretion. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993). With regard to general damages, the discretion afforded the trial court is "great" and "vast," and the appellate court should rarely disturb the award. Id., at 1261. It is only after an articulated analysis of the facts reveals an abuse of discretion that the award may be *429 considered either excessive or insufficient. Reck v. Stevens, 373 So.2d 498 (La.1979).

MRS. JAMES
As a result of the accident, Mrs. James sustained injuries to her neck, right shoulder, and right knee. She was able, after the accident, to drive the mini van from Shreveport to Alexandria, where, later that evening, she and Mr. James visited the England Air Force Base Hospital emergency room. Mrs. James complained of neck, right shoulder and right knee pain, and she was treated by Dr. Gaylen Bates with pain medication and muscle relaxants. A week later Mrs. James saw Dr. John Weiss, an orthopedic surgeon, who noted some bruising and soreness, but found no evidence of serious injury. Dissatisfied with Dr. Weiss, Mrs. James began treatment with another orthopedist, Dr. James Gosey, in March 1991.
Mrs. James had to undergo two surgeries as a result of the accident; a cervical fusion and arthroscopic knee surgery. Mrs. James' right shoulder was treated with cortisone injections. Her recovery was generally successful, but Mrs. James claims she still has occasional pain in her neck, shoulder and knee. Mrs. James was not employed at the time of the accident; she suffered from preexisting injuries to her lower back and left knee, which rendered her disabled from work.
Mrs. James first argues that the jury's awards of $25,000 for past and future physical pain and suffering, $10,000 for past and future mental pain and suffering, and $2,500 for disability and loss of enjoyment of life are inadequate. When reviewing specific elements of damages, the court must keep in mind that even though awards for certain elements of damages may be inadequate or excessive, if the total sum awarded is neither inadequate or excessive, the award must not be disturbed. Pitre v. Government Employees Ins. Co., 596 So.2d 256 (La.App. 3 Cir.), writ denied, 600 So.2d 685 (La.1992). After a thorough review of the record, we cannot conclude that Mrs. James total general damages award of $55,000 is abusively low under the circumstances of this case.
Mrs. James next argues that the jury abused its discretion in failing to award her damages for future medical expenses. Future medical expenses must be established with some degree of certainty, and awards will not be made in the absence of medical testimony as to the requirement for such expenses and their probable cost. Bowers v. Viator, 625 So.2d 355 (La.App. 3 Cir.1993), writ denied, 633 So.2d 171 (La.1994).
Mrs. James claimed she will incur future medical expenses for prescription medication and, possibly, a second neck surgery. Notwithstanding, expert testimony reveals that Mrs. James will probably not need a second neck surgery. Accordingly, the jury could reasonably have concluded that the cost of prescription medication is not related to the injuries Mrs. James sustained in the automobile accident, since she took prescription pain killers and muscle relaxants for several years prior to the accident as a result of her preexisting back and knee injuries, and that Mrs. James is not entitled to an award for future medical expenses related to surgery.
Finally, Mrs. James asserts as error the jury's failure to award her damages for loss of consortium. We find no abuse of discretion. The evidence reflects limited injury to Mr. James, and he testified at trial that the accident has not affected his relationship with his wife.

MR. JAMES
Mr. James suffered a cut on his head and strained back and neck muscles as a result of the accident. He was treated with pain medication and muscle relaxants at the emergency room. On December 3, 1990, he visited Dr. Weiss, who diagnosed multiple contusions and strain of the cervical, dorsal and lumbar spine. In March 1991, after several visits with Dr. Weiss, Mr. James began treatment with Dr. Gosey, who prescribed physical therapy. Mr. James testified he continues to suffer from pain in his back and neck.
Mr. James argues the following general damage awards are inadequate: $15,000 for past and future physical pain and suffering, $5,000 for mental pain and suffering, and *430 $1,000 for disability and loss of enjoyment of life. Mr. James was awarded a total of $23,000 for general damages. In light of the evidence establishing limited injury to Mr. James and the wide discretion afforded the jury in credibility determinations, we find no abuse of discretion by the jury in its award for general damages.
Mr. James next appeals the jury's failure to award damages for future medical expenses. Dr. Gosey testified Mr. James will probably need two or three physical therapy treatments per year in the "near future," with each treatment consisting of three visits a week for two to three weeks. The record reflects a cost of approximately sixty-five dollars per visit. Dr. Gosey also stated Mr. James will continue to need prescription medication. Mr. James testified he spends about twenty to thirty dollars per month on prescription medication. In light of this uncontradicted testimony which establishes future medical expenses related to the accident, we conclude it was an abuse of discretion for the jury to make no award for this element of damages. However, we are unable to properly determine the amount of future medical expenses because the record does not reflect how long Mr. James will continue to need physical therapy and prescription medication. This court has the authority to render any judgment which is just, legal and proper, and we can remand a case for the introduction of additional evidence to prevent a miscarriage of justice. Dufhilo v. D'Aquin, 615 So.2d 522 (La.App. 3 Cir.1993). Therefore, we remand this case to the trial court for a determination, and an award to Mr. James, of the future medical expenses he will incur for prescription medication and physical therapy. We note there was some medical testimony that Mr. James may need a cervical fusion in the future; however, the evidence establishes that this surgery, if required, would not be related to the accident.
Mr. James also appeals the jury's failure to award damages for loss of earnings and earning capacity. We find no abuse of discretion. Dr. Diana Herbst, an expert in vocational rehabilitation, testified Mr. James suffered no decrease in wage earning capacity. He was previously a colonel in the Army, but voluntarily resigned from this position prior to the accident. He stated to Dr. Herbst that if he had continued in the military, he would still be able to perform his prior job.

JASON AND JOSHUA JAMES
Finally, plaintiffs appeal the jury's failure to award Jason and Joshua James damages for physical pain and suffering, and the jury's award of only $200 each for the loss of services and society of their parents.
Jason and Joshua were taken to the pediatrician the day after the accident. Although the jury awarded medical expenses for these visits, there is no objective medical evidence establishing any physical injury to the children as a result of the accident. The jury awarded each child $500 for fear, fright and mental anguish experienced during the accident, and awarded Jason $500 for mental pain and suffering. These general damage awards are reasonable in light of the testimony at trial establishing the children's emotional reaction to the accident. Accordingly, we find no abuse of discretion in the jury's failure to award damages for physical pain and suffering. Furthermore, after our thorough review of the record, we cannot say the jury's award to each child of $200 for loss of the services and society of their parents was an abuse of discretion.

DENIAL OF JNOV
In their fourth assignment of error, plaintiffs assert the trial court erred in denying their motion for JNOV on the issue of quantum. Because we have reviewed damages pursuant to the previous assignment of error, this assignment of error is moot.

TESTIMONY OF DR. RICHARD GALLOWAY
In their answer to the appeal, defendants claim the trial court erred in permitting Dr. Richard Galloway to testify as an expert in the field of vocational rehabilitation. Dr. Galloway testified concerning Mr. James' earning capacity, and defendants assert this assignment of error only if we find reversible error as to this element of damages. As we *431 find no error in the jury's determination that Mr. James suffered no loss of earning capacity, this assignment of error is moot.

CONCLUSION
For the foregoing reasons, this case is remanded to the trial court for determination of Mr. James' future medical expenses. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed one-half to plaintiffs and one-half to defendants.
AFFIRMED AS AMENDED.
SAUNDERS, J., dissents. The damages awarded are unreasonably low.